IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Iftikhar A. Malik, Nasreen Malik,<br>    Debtor(s) | Bankruptcy No. 16-23808-CMB |
| Eric E. Bononi, Trustee,<br>    Movant<br>               v.<br>Iftikhar A. Malik, Nasreen Malik, Concetta Crea, Michael Crea, North Allegheny School District, Steel Valley School District, Allegheny County Treasurer's Office, PWSA, City of Pittsburgh, City of Pittsburgh School District,<br>    Respondent(s) | Chapter 7<br><br>Document No. |

**ORDER OF COURT**

    AND NOW, this _____ day of _____, 20_____, on consideration of the Trustee's *Motion/Complaint for Sale of Property Free and Divested of Liens*, the Court finds:

    (1) That service of the *Notice of Hearing and Order* setting hearing on said *Motion/Complaint* for private sale of real property free and divested of liens of the above named Respondents, was effected on all parties listed on the Clerk's Mailing Matrix as of April 7, 2017

    (2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion/Complaint.

    (3) That said sale hearing was duly advertised on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on April 7, 2017, in the Pittsburgh Post-Gazette and in the Pittsburgh Legal Times on April 21, 2017 and April 25, 2017, as shown by the Proof of Publications duly filed.

    (4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

    (5) That the price of $100,000.00 offered by Red Rock Collections, LLC was a full and fair price for the property in question.

    (6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as:

a. Real property: Block and Lot 003-S-78, 003-S-79, 003-S-80, 003-S-81, and 003-S-82, Located in the 17th Ward of the City of Pittsburgh, County of Allegheny, more fully described as follows:

   i. Block and Lot 003-S-78

     (1) ALL that certain lot or piece of ground situate in 17th Ward of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, being Lot 123 in a plan of lots laid out by Rev. J. Tuigg, as recorded in the Recorder's Office of Allegheny County in Plan Book Volume 6, page 295.

     (2) BEING known as Block and Lot 003-S-78

   ii. Block and Lot 003-S-79, Block and Lot 003-S-80

     (1) ALL that certain lot or piece of ground situate in 17th Ward of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, being Lot 124 in a plan of lots laid out by Rev. J. Tuigg, as recorded in the Recorder's Office of Allegheny County in Plan Book Volume 6, page 295.

     (2) BEING the same premises that Deborah Kretz and David Kretz, conveyed to I ftikhar A. Malik, by deed dated January 10, 2008 and recorded January 23, 2008, 2008 in the Recorder of Deeds, Office of Allegheny County, Pennsylvania, at Deed Book Volume 13502, page 51.

     (3) BEING known as Block and Lots 003-S-79 and 003-S-80.

   iii. Block and Lot 003-S-81

     (1) ALL THAT CERTAIN lot or piece of ground situate in the seventeenth (17th) Ward of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, being Lot No. 125 in the Rt. Rev. J. Twiggs Plan, as recorded in the Recorder's Office of said County in Plan Book Volume 6, Page 295, bounded and described as follows:

     (2) BEGINNING on the south side of Brosville, formerly Birmingham Street, at the corner of Lot No. 124 in said Plan; thence running southwestwardly 20 feet to corner of Lot No. 126 in said Plan; thence southerly along line of Lot No. 126, 100 feet to an 20 foot alley; thence easterly alogn said alley, 20 feet to the corner of Lot 124 in said Plan; thence northerly along said Lot No. 124, 100 feet to the south side of Brosville Street, at the place of beginning, being the former location of a three story frame dwelling once known as 126 Brosville Street, said dwelling having been removed.

     (3) BEING known as Block and Lot 003-S-81.

     (4) BEING the same premises that Anthony Folino and Panagiota Folino, conveyed to Iftikhar A. Malik, by deed dated January 10, 2008 and recorded January 23, 2008, in the Recorder of Deeds Office of Allegheny County, Pennsylvania, at Deed Book Volume 13502, page 56.

   iv. Block and Lot 003-S-82

     (1) ALL THAT CERTAIN lot or piece of ground situate in the seventeenth (17th) Ward (formerly the 27th Ward) of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, being part of Lot No. 126 in a plan of Lots laid out by the Rt. Rev. J. Twigg, a/k/a Rev. J. Tuigg, and recorded in the Recorder's Office of said County in Plan Book Volume 6, Page 295, bounded and described as follows:

(2) BEGINNING on the southerly side of Brosville, formerly Birmingham Street, at the corner of Lot No. 125 in said Plan, thence extending westwardly along said Brosville Street, formerly Birmingham Road, 20 feet to the corner of Lot No. 127 in said Plan, thence southwardly along line of said Lot No. 127, 50 feet to a point; thence eastwardly parallel with said Brosville Street, formerly Birmingham Road, 20 feet to a line of Lot No. 125 aforesaid; thence Northwardly along the line of said Lot No. 125, 50 feet to the place of beginning.

(3) BEING known as Block and Lot 003-S-82.

(4) SUBJECT to building lines as shown on the recorded plan.

(5) SUBJECT to all prior grants and reservation of coal, oil, gas and mining rights as may appear in prior instruments of record.

(6) UNDER AND SUBJECT to all other easements, exceptions, restrictions, or reservations, appearing of record or evident from an inspection of the property.

(7) SUBJECT to the express covenant to run with the land that no real estate tax exemption will be applied for or sought for all or any part of the above-described real property and/or improvements, said improvements as now exist or are later constructed.

(8) SUBJECT to the further express covenant to run with the land that if a real estate tax exemption is sought for and obtained for all or any part of the above described real property and/or improvements as now exist or are later constructed, the said Grantee(s), (his) (her) (its) (their) heirs, executors, administrators, successors, and assigns, during the entire prior of said exceptions shall pay a sum of money to each of the taxing bodies, that is the, the City of Pittsburgh, the School Districts of Pittsburgh and the County of Allegheny, all of the Commonwealth of Pennsylvania, equal to double the amount of real estate taxes which would have been levied by each said taxing body on all or any part of the above-described real property and/or improvements, said improvements as now exist or are later constructed but for said exemption.  Upon failure to pay such amount to the three taxing bodies, in addition to any other remedies available, each taxing body shall have the same rights,

is hereby **CONFIRMED** to Red Rock Collections, LLC for $100,000.00, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is *FURTHER ORDERED*, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is *FURTHER ORDERED*, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this *Order*. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts: <u>NONE</u>;

(2) Delinquent real estate taxes, if any;

(3) Current real estate taxes, pro-rated to the date of closing;

(4) The costs of local newspaper advertising in the amount of $<u>141.45</u>;

(5) The costs of legal journal advertising in the amount of $<u>99.75</u>;

(6) The Court approved realtor commission in the amount of <u>NONE</u>;

(7) Court approved attorney fees in the amount of <u>NONE</u>;

(8) The balance of funds realized from the within sale shall be held by the Attorney for the Movant/Plaintiff until further Order of Court, after notice and hearing; and,

(9) Other: _____

It is **FURTHER ORDERED** that:

(1) ***Within seven (7) days of the date of this Order***, the Movant/Plaintiff shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) ***Closing shall occur within thirty (30) days of this Order***.

(3) ***Within seven (7) days following closing***, the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

BY THE COURT:

_____
CARLOTA M. BÖHM
UNITED STATES BANKRUPTCY JUDGE

4