IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Ifikhar, A. Malik, and Nasreen Malik,<br>    Debtor(s)<br><br>Eric E. Bononi, Trustee,<br>    Movant<br>                    v.<br>Ifikhar A. Malik, Nasreen Malik, ,<br>    Respondent(s) | Bankruptcy No. 16-23808-CMB<br><br>Chapter 7<br><br>Document No. 113 |

**ORDER OF COURT**

AND NOW, this _____ day of _____, 20_____, on consideration of the Trustee's *Motion/Complaint for Sale of Property Free and Divested of Liens*, the Court finds:

(1) That service of the *Notice of Hearing and Order* setting hearing on said *Motion/Complaint* for private sale of real property free and divested of liens of the above named Respondents, was effected on all parties listed on the Clerk's Mailing Matrix as of April 7, 2017.

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion/Complaint.

(3) That said sale hearing was duly advertised on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on April 7, 2017, in the Pittsburgh Post-Gazette and in the Pittsburgh Legal Times on April 21, 2017, and April 25, 2017 as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $12,500.00 offered by Red Rock Collections, LLC was a full and fair price for the property in question.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as ALL THAT CERTAIN lot or piece of ground situate in the

1

Borough of Coraopolis, County of Allegheny and Commonwealth of Pennsylvania, being Lots Nos. 113 and 114 in the T. F. and J. Watson's Plan of Lots (John Watson's portion), as recorded in the Recorder's Office of Allegheny County, Pennsylvania, in Plan Book Volume 6, pages 248 and 249 is hereby **CONFIRMED** to Red Rock Collections, LLC for $12,500.00, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is *FURTHER ORDERED*, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is *FURTHER ORDERED*, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this *Order*. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts: NONE;

(2) Delinquent real estate taxes, if any;

(3) Current real estate taxes, pro-rated to the date of closing;

(4) The costs of local newspaper advertising in the amount of $135.30;

(5) The costs of legal journal advertising in the amount of $103.70;

(6) The Court approved realtor commission in the amount of NONE;

(7) Court approved attorney fees in the amount of NONE;

(8) The balance of funds realized from the within sale shall be held by the Attorney for the Movant/Plaintiff until further Order of Court, after notice and hearing; and,

(9) Other: _____

It is *FURTHER ORDERED* that:

(1) ***Within seven (7) days of the date of this Order***, the Movant/Plaintiff shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the

2

attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) *Closing shall occur within thirty (30) days of this Order*.

(3) *Within seven (7) days following closing*, the Movant/Plaintiff shall file a **Report of Sale** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

BY THE COURT:

CARLOTA M. BÖHM
UNITED STATES BANKRUPTCY JUDGE