IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Iftikhar A Malik, Nasreen Malik<br>    Debtor(s)<br><br>Eric E. Bononi, Trustee,<br>    Movant<br>           v.<br>Iftikhar A Malik, Nasreen Malik, County of Allegheny, City and School District of Pittsburgh, Woodland Hills School District, and Pittsburgh Water & Sewer Authority<br>    Respondent(s) | Bankruptcy No. 16-23808-CMB<br><br>Chapter 7<br><br>Related to Document No. 167 |

**ORDER OF COURT**

AND NOW, this __13th__ day of __September__, 20__17__, on consideration of the Trustee's *Motion/Complaint for Sale of Property Free and Divested of Liens*, the Court finds:

(1) That service of the *Notice of Hearing and Order* setting hearing on said *Motion/Complaint* for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion/Complaint* for private sale, and the buyer is to pay the secured liens of the County of Allegheny ("County"), City and School District of Pittsburgh ("City"), Woodland Hills School District ("WHSD"), and Pittsburgh Water & Sewer Authority ("PWSA") are secured creditors in the within bankruptcy case by virtue of delinquent real estate taxes owed by Debtors for the Properties.

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion/Complaint.

(3) That said sale hearing was duly advertised on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on May 5, 2017, in the Pittsburgh Post-Gazette on August 14, 2017, and in the Pittsburgh Legal Times on August 14, 2017, as shown by the Proof of Publications duly filed.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $ 30,000.00 offered by Azmat Qayyum, Piracha LLC was a full and fair price for the properties, in "AS IS" "WHERE IS" condition, being::

| | Address | Offer |
|---|---|---|
| a. | 24 Revere Way, Pittsburgh, PA 15219 | $ 10,000.00 |
| b. | 26 Revere Way, Pittsburgh, PA 15219 | $ 8,000.00 |
| c. | 108 Madonna Street, Pittsburgh, PA 15221 | $ 7,000.00 |
| d. | 575 Princeton Blvd., Pittsburgh, PA 15221 | $ 5,000.00 |

(6) Secured liens on the property are the responsibility of the buyer and are as follows:

| | Address | Lien |
|---|---|---|
| a. | 575 Princeton Blvd., Pittsburgh, PA 15221 | $ 650.82 |
| b. | 24 Revere Way, Pittsburgh, PA 15219 | $ 9,748.94 |

(7) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

(8) That the properties are being conveyed in "AS IS" "WHERE IS" condition.

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as above is hereby **CONFIRMED** to Azmat Qayyum, Piracha LLC for 30,000.00, free and divested of the above recited liens and claims, "AS IS" "WHERE IS", and that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is *FURTHER ORDERED*, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is *FURTHER ORDERED*, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this *Order*. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts:

(2) Delinquent real estate taxes, if any; are the responsibility of Purchaser;

(3) Current real estate taxes, pro-rated to the date of closing; $ 9,552.07;

(4) The costs of local newspaper advertising in the amount of $221.40;

(5) The costs of legal journal advertising in the amount of $162.95;

(6) The balance of funds realized from the within sale shall be held by the Attorney for the Movant/Plaintiff until further Order of Court, after notice and hearing; and,

It is *FURTHER ORDERED* that:

(1) *Within seven (7) days of the date of this Order*, the Movant/Plaintiff shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) *Closing shall occur within thirty (30) days of this Order*.

(3) *Within seven (7) days following closing*, the Movant/Plaintiff shall file a *Report of Sale* which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

BY THE COURT:

_____
CARLOTA BÖHM
UNITED STATES BANKRUPTCY JUDGE

FILED
9/13/17 12:33 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Iftikhar A Malik  
Nasreen Malik  
    Debtors

Case No. 16-23808-CMB  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-2    User: kthe    Page 1 of 2    Date Rcvd: Sep 13, 2017  
                  Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 15, 2017.  
db/jdb      +Iftikhar A Malik,   Nasreen Malik,   132 Peppergrass Road,   Baden, PA 15005-2564

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 15, 2017                                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 13, 2017 at the address(es) listed below:

          David A. Scott    on behalf of Creditor    Nissan Motor Acceptance Corporation scott@lg-law.com  
          Eric E Bononi    on behalf of Plaintiff Eric E. Bononi bankruptcy@bononilaw.com  
          Eric E. Bononi    on behalf of Plaintiff Eric E. Bononi bankruptcy@bononilaw.com, pa69@ecfcbis.com  
          Eric E. Bononi    bankruptcy@bononilaw.com, pa69@ecfcbis.com  
          Eric E. Bononi    on behalf of Trustee Eric E. Bononi bankruptcy@bononilaw.com, pa69@ecfcbis.com  
          James Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com  
          Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com, cnoroski@grblaw.com  
          Jeffrey R. Hunt    on behalf of Creditor    City and School District of Pittsburgh jhunt@grblaw.com, cnoroski@grblaw.com  
          Jeffrey R. Hunt    on behalf of Creditor    Pittsburgh Water and Sewer Authority jhunt@grblaw.com, cnoroski@grblaw.com  
          Jeffrey R. Hunt    on behalf of Creditor    Woodland Hills School District jhunt@grblaw.com, cnoroski@grblaw.com  
          Jennifer L. Cerce    on behalf of Creditor    Penn Hills School District jlc@mbm-law.net  
          Jennifer L. Cerce    on behalf of Creditor    Municipality Of Penn Hills jlc@mbm-law.net  
          Jennifer L. Cerce    on behalf of Creditor    North Allegheny School District jlc@mbm-law.net  
          Kevin Scott Frankel    on behalf of Creditor    JPMorgan Chase Bank, National Association as servicer for PNC Bank, N.A. pabk@logs.com  
          Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee larry.e.wahlquist@usdoj.gov  
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com  
          Robert C. Edmundson    on behalf of Creditor    Office of Attorney General Department of Revenue redmundson@attorneygeneral.gov  
          Robert O Lampl    on behalf of Creditor Concetta and Michael Crea rol@lampllaw.com, jschemm@lampllaw.com;jlacher@lampllaw.com;dfuchs@lampllaw.com;eslagle@lampllaw.com;neish51@gmail.com;jcooney@lampllaw.com;rcooney@lampllaw.com;slampl@lampllaw.com;RossLampl@lampllaw.com  
          Robert O Lampl    on behalf of Creditor    Greater Northern Community Investment Group, Inc. rol@lampllaw.com, jschemm@lampllaw.com;jlacher@lampllaw.com;dfuchs@lampllaw.com;eslagle@lampllaw.com;neish51@gmail.com;jcooney@lampllaw.com;rcooney@lampllaw.com;slampl@lampllaw.com;RossLampl@lampllaw.com  
          Robert O Lampl    on behalf of Creditor    Blumling & Swartz, LLC rol@lampllaw.com, jschemm@lampllaw.com;jlacher@lampllaw.com;dfuchs@lampllaw.com;eslagle@lampllaw.com;neish51@gmail.com;jcooney@lampllaw.com;rcooney@lampllaw.com;slampl@lampllaw.com;RossLampl@lampllaw.com  
          Robert O Lampl    on behalf of Creditor    Red Rock Collections, LLC rol@lampllaw.com, jschemm@lampllaw.com;jlacher@lampllaw.com;dfuchs@lampllaw.com;eslagle@lampllaw.com;neish51@gmail.com;jcooney@lampllaw.com;rcooney@lampllaw.com;slampl@lampllaw.com;RossLampl@lampllaw.com  
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com

```
District/off: 0315-2           User: kthe                 Page 2 of 2              Date Rcvd: Sep 13, 2017
                               Form ID: pdf900            Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Stephen J. Jurman    on behalf of Joint Debtor Nasreen   Malik stephen@jurmanlaw.com, jurmanlaw@gmail.com
          Stephen J. Jurman    on behalf of Debtor Iftikhar A Malik stephen@jurmanlaw.com, jurmanlaw@gmail.com
          Stephen J. Jurman    on behalf of Defendant Iftikhar A Malik stephen@jurmanlaw.com, jurmanlaw@gmail.com
          Stephen J. Jurman    on behalf of Defendant Nasreen   Malik stephen@jurmanlaw.com, jurmanlaw@gmail.com

                                                                                                                                  TOTAL: 27